# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1596 | **DATE** | April 15, 2011 |
| **CASE TITLE** | Osvaldo Bustamante, Jr. (2010-1215157) vs. Dr. K. Bonapart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [6] is granted. The Court authorizes and orders Cook County Jail officials to deduct $35.00 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. On the court's own motion, the complaint is dismissed as to Defendant Cook County Department of Corrections (DOC) pursuant to 28 U.S.C. § 1915A. The clerk is directed to issue summonses for remaining defendants Dr. Bonapart and Dr. Ting. The clerk is also directed to send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Pro se plaintiff Osvaldo Bustamante, Jr. has filed a civil rights complaint challenging his treatment as a detainee at the Cook County Jail. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 6), and complaint for an initial review pursuant to 28 U.S.C. § 1915A.

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 6), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $35.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee

| STATEMENT |
|---|

authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Turning to the initial review of plaintiff's complaint (Dkt. No. 1), pursuant to 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Plaintiff alleges that on January 13, 2011 he was transferred to Division 11 at the Jail. (Dkt. No. 1 at 4). He did not receive his prescription medication for three days for a back injury despite his various complaints. (*Id.*). He claims that he suffered severe pain because of the lack of treatment. (*Id.*). He also alleges that he did not receive proper follow up treatment at an appointment on February 5, 2011. (*Id.*).

Plaintiff names Dr. K. Bonapart, the Cook County Department of Corrections and Dr. Ting as defendants. Dr. Bonapart is the doctor who originally prescribed him the medication that plaintiff did not receive in January 2011. Plaintiff believes that Dr. Bonapart is at fault for the failure to provide him the medication for the three day period. Dr. Ting performed the follow up appointment in February 5, 2011.

The Cook County Department of Corrections is dismissed because it is not a suable entity. *Thomas v. Cook County Corr.*, No. 10 C 4484, 2010 WL 2990178, at *2 (N.D. Ill. July 22, 2010) (citing *Castillo v. Cook County Dep't Mail Room*, 990 F.2d 304 (7th Cir. 1993)). Plaintiff may proceed on his claims against Drs. Bonapart and Ting. As a pretrial detainee, the Fourteenth Amendment requires that plaintiff receive adequate medical care and the Court applies a deliberate indifference standard for evaluating these claims. *Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007). A deliberate indifference claim requires: (1) an objectively serious condition, and (2) the defendant acted with deliberate indifference to the plaintiff's health or safety. *Id*. "A significant delay in effective medical care [] may support a claim of deliberate indifference, especially where the result is prolonged and unnecessary pain." *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010) (citations omitted). Depending on the circumtances, a few "hours of needless suffering" is sufficient to set forth a deliberate indifference claim. *Roe v. Elyea*, 631 F.3d 843, 865 (7th Cir. 2011) (quoting *Gil v. Reed*, 381 F.3d 649, 662 (7th Cir. 2004)) (emphasis omitted). Plaintiff properly sets forth a deliberate indifference claim for the alleged unnecessary pain caused by an improper delay in the provision of medical care by the defendant doctors.

The clerk shall issue summonses for service of the complaint on the defendants Drs. Bonapart and Ting. The clerk shall also send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, the Cook County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the Court must include a certificate of service

| STATEMENT |
|---|
| stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to the plaintiff.<br><br>*James F. Holderman* |